**In Re Anonymous No. 60 D.B. 83**

Disciplinary Board Docket No. 60 D.B. 83.

McDONALD, *Member*, June 4, 1986—Pursuant to Rule 218(c)(5) of the Pennsylvania Rules of Disciplinary Enforcement, the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations to your honorable court with respect to the above-captioned petition for reinstatement.

## I. HISTORY OF PROCEEDINGS

Petitioner, an attorney heretofore admitted to the practice of law in the Commonwealth of Pennsylvania, was suspended by order of the Supreme Court of Pennsylvania, dated February 5, 1985, for a period of one year. The suspension became effective March 7, 1985 and therefore expired on March 7, 1986. On December 17, 1985, petitioner filed his petition for reinstatement with the Disciplinary Board. On the same date, the matter was referred to disciplinary hearing committee [ ], consisting of [ ]. A hearing on this matter was held February 4, 1986. At the hearing petitioner was represented by [A], Esq. and [B], Esq. Assistant Disciplinary Counsel-in-charge appeared for the Office of the Disciplinary Counsel. By its report filed March 24, 1986, the hearing committee recommended that petitioner's reinstatement to the practice of law be granted. No exceptions to the report of the hearing committee have been filed by either the Office of Disciplinary Counsel or petitioner. This matter came before the Disciplinary Board of the Supreme

Court of Pennsylvania for adjudication on April 16, 1986. Based upon our review of the entire record in this proceeding, including the report, findings and recommendations of hearing committee [    ], this board recommends that the petition for reinstatement be granted.

## II. DISCUSSION

In order for petitioner to gain reinstatement to the practice of law, he has the burden of demonstrating by clear and convincing evidence, that he has both the moral qualifications and the competency and learning required for admission to practice in this Commonwealth. In addition, he has the burden of demonstrating that his resumption of the practice of law will not be detrimental to the integrity and standing of the bar or the administration of justice, nor subversive to the public interest. See Rule 218(c)(3)(i) of the Pennsylvania Rules of Disciplinary Enforcement.

Petitioner was born October 10, 1949 and was admitted to the practice of law in the Commonwealth of Pennsylvania on October 25, 1976. He practiced law continuously in [    ] County until his suspension which became effective March 7, 1985. From 1977, until he resigned in November of 1982 following publication of the underlying charges, petitioner was an assistant district attorney in [    ] County. During the period from 1977 to June of 1981, petitioner bought and consumed cocaine, contrary to the laws of the United States and of Pennsylvania. On July 20, 1983, petitioner entered a plea of guilty before the United States District Court for the [    ] District of Pennsylvania to a charge of one count of possession of cocaine. The plea was the result of a plea-bargain agreement. Following his

plea, petitioner was sentenced by the court to serve 30 days in jail, pay a fine of $1,000 and to perform community services four hours per week for 50 weeks. In addition, probation was imposed for a period of two years following his release from prison. Petitioner served his jail sentence, paid the fine, has completed his probation and has completed the community services which were approved by the probation office.

During his period of suspension, petitioner worked as a real estate broker and was engaged in the sale of motor vehicles. These activities produced some income to support petitioner and his family. Additional monies for living expenses came from an inheritance and the sale of a home and family vehicles.

Petitioner maintained familiarity with the law through attendance at seminars and regular reading of legal periodicals.

At the hearing petitioner produced numerous witnesses, several of whom were members of the legal community, who testified to petitioner's fine moral character. Petitioner testified that he was painfully aware of the problems he caused himself and his family with his prior indulgence. He convinced the hearing committee, and in turn this board, that he would never again jeopardize himself or his profession.

Under the circumstances this board is convinced that petitioner has satisfied his burden of proof and is entitled to reinstatement.

## III. FINDING OF FACT

The Disciplinary Board of the Supreme Court of Pennsylvania makes the following findings of fact:

1. Petitioner was assistant district attorney in [     ] County, Pennsylvania from 1977 until his resignation from that position in 1982.

2. During the period of 1977 to June of 1981, petitioner regularly bought and consumed cocaine, contrary to the laws of the United States and of the Commonwealth of Pennsylvania.

3. On July 20, 1983, petitioner entered a plea of guilty before the United States District Court for the [     ] District of Pennsylvania to a charge of one count of possession of cocaine in violation of 21 U.S.C. section 844(a).

4. As a result of the plea, petitioner was sentenced to serve 30 days in jail, probation thereafter for a term of two years, pay a fine of $1,000 and to perform community services four hours per week for 50 weeks.

5. Petitioner has served his jail sentence, paid his fine, satisfied the community services requirement and completed his probation.

6. Petitioner was suspended from the practice of law in Pennsylvania for a period of one year by order of the Supreme Court of Pennsylvania dated February 5, 1985. The suspension became effective on March 7, 1985 and was completed on March 7, 1986.

7. Petitioner is 36 years of age, married, and has three young children. He resides with his wife and children.

8. Since the date of suspension petitioner has not practiced law in this or any other jurisdiction.

9. Petitioner testified that for a period of about 18 months prior to June of 1981, he used cocaine about twice a month as a "recreational use." He stated he stopped using cocaine on June 21, 1981, his wedding date, and since that date he has not used any

illegal drug. He further testified that he does not drink alcohol or smoke.

10. During the period of suspension petitioner worked as a real estate broker and was engaged in the sale of motor vehicles.

11.. Throughout his suspension petitioner maintained a close contact with the law as evidenced by his attendance at a number of seminars and his continued reading of legal periodicals and advance sheets.

12. In satisfaction of the community services requirement of his probation, petitioner assisted the Court of [    ] County in developing a program for the selection of attorneys to represent children as counsel or guardians. He also developed guidelines for the representation of children for the Children's Service Advocacy Program in [    ] County.

13. No client suffered directly as a result of petitioner's offences which underlay his suspension.

14. Petitioner presented himself as a mature, credible, intelligent and persuasive individual who is well aware of the problems caused by his prior indulgence. He testified that he would never again jeopardize himself or his profession.

15. Petitioner has the competency and learning in the law required for readmission to practice law in the Commonwealth of Pennsylvania.

16. Petitioner has the moral qualifications for readmission for the practice of law in the Commonwealth of Pennsylvania.

17. Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar, or the administration of justice, nor will it be subversive to the public interest.

18. Petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania and

should be readmitted to the bar of the Supreme Court of Pennsylvania.

## IV. CONCLUSIONS OF LAW

The Disciplinary Board of the Supreme Court of Pennsylvania makes the following conclusions of law:

1. Petitioner has the moral qualifications for readmission to the practice of law in the Commonwealth of Pennsylvania.

2. Petitioner's resumption of the practice of law in the Commonwealth of Pennsylvania will not be detrimental to the integrity and standing of the bar or the administration of justice, nor will it be subversive to the public interest.

3. Petitioner has the competency and learning in the law required for readmission to practice law in the Commonwealth of Pennsylvania.

4. Petitioner should be reinstated to the practice of law in the Commonwealth of Pennsylvania and should be readmitted to the bar of the Supreme Court of Pennsylvania.

## V. RECOMMENDATIONS

The Disciplinary Board recommends to the Supreme Court of Pennsylvania as follows:

1. That petitioner, [   ], be readmitted to the practice of law in the Commonwealth of Pennsylvania.

2. That petitioner, [   ], shall pay all costs of these proceedings.

Ms. Heh did not participate in the adjudication.

## ORDER

NIX, C. J., And now, this July 28, 1986, upon consideration of the recommendation of the Disciplin-

ary Board dated June 4, 1986, the petition for reinstatement is granted.

Pursuant to Rule 218(e), Pa.R.D.E., petitioner is directed to pay the expenses incurred by the board in the investigation and processing of the petition for reinstatement.